## Rothstein v. IBM Corp.

*Eric J. Wiener,* for plaintiffs.
*Robert A. Lerman,* for defendants.

BAYLEY, *J.,* August 27, 1992—This civil action arises out of an automobile accident that occurred on October 18, 1989, in East Pennsboro Township, Cumberland County. In her complaint, plaintiff, Beth L.A. Rothstein, alleges: (1) she was operating a vehicle at the intersection of Valley Street and Route 11; (2) after stopping at a stop sign controlling traffic on Valley Street, she proceeded into the intersection intending to make a left-hand turn northbound; (3) defendant, Thomas A. Boughter Sr., was operating a vehicle owned by defendant IBM Corp., south-

bound on Route 11; and (4) Boughter negligently collided with her vehicle.

Robert R. Saylor testified in a deposition, that Beth Rothstein contacted him on March 20, 1990.[1] She told him she had been involved in a car accident in October of 1989, and had no recollection of the accident.[2] She inquired if hypnosis could help her recall what happened. Mr. Saylor told her there was a possibility that hypnosis could be helpful. He hypnotized her on August 15, 1990. Before being placed under hypnosis, she again told him that she had no recollection of how the accident occurred on October 18, 1989.[3] Following hypnosis, plaintiff maintains she remembers how the accident occurred.

Defendants have filed a motion in limine to preclude the introduction of the hypnotically induced recollections of plaintiff. In *Commonwealth v. Nazarovitch*, 496 Pa. 97, 436 A.2d 170 (1981), a criminal case, the Supreme

---

1. Mr. Saylor earned a bachelor's degree in 1949, and a master's degree in psychology from Penn State University in 1952. He earned a master's degree in social work from the University of Pennsylvania in 1954. He has been trained in hypnosis and conducts a private practice in investigative and therapeutic hypnosis. He has lectured and published in the field. He also practices clinical social work and is a part-time faculty member at the Harrisburg Area Community College, teaching introduction to sociology and marriage and the family.

2. On February 22, 1990, while testifying at a summary proceeding on a traffic citation issued to Thomas A. Boughter Sr., arising from this accident, plaintiff stated her last recollection before the accident on October 18, 1989, was being at her sister's home. She had no memory between that time and her awaking at a hospital after the accident.

3. In a deposition taken on February 12, 1992, plaintiff confirmed that prior to her hypnotic session with Robert Saylor, she had no recollection as to how the accident occurred.

Court of Pennsylvania held that hypnotically refreshed testimony was inadmissible, stating:

"The probative worth of the hypnotically-adduced evidence cannot overcome the serious and fundamental handicaps inherent therein.... We do not believe that the process of refreshing recollection by hypnosis has gained sufficient acceptance in its field as a means of accurately restoring forgotten or repressed memory."[4]

In *Commonwealth v. Smoyer,* 505 Pa. 83, 476 A.2d 1304 (1984), another criminal case, the Supreme Court held "that testimony adduced by hypnotism is inadmissible as evidence," because "it cannot be relied upon to produce evidence untainted by untraceable factors."[5] The Superior Court has followed *Nazarovitch* and *Smoyer* in the criminal case of *Commonwealth v. Reed,* 400 Pa. Super. 207, 583 A.2d 459 (1990). Notwithstanding, plaintiff asks us to follow the holding of the U.S. Court of Appeals in the 8th Circuit in the civil case of *Sprynczynapyk v. General Motors Corp.,* 771 F.2d 1112 (1985). In *Sprynczynapyk,* applying the guidelines set forth in *State v. Hurd,* 86 N.J. 525 (1981), the Court of Appeals adopted a rule for district courts in the 8th Circuit. It requires in cases in which a proposed witness was hypnotized, that the district court must conduct a pretrial

---

4. See generally, *Frye v. United States,* 293 F. 1013 (1923). The test in *Frye* is applicable in Pennsylvania in determining admissibility of scientific evidence. *Commonwealth v. Topa,* 471 Pa. 223, 369 A.2d 1277 (1977).

5. In *Nazarovitch,* the Supreme Court noted it did "not want to establish a per se role of admissibility at this time...." In *Smoyer,* the Supreme Court awarded a new trial on the basis that hypnotically induced testimony had been wrongly admitted into evidence by the trial judge.

hearing on the type of hypnotic procedures used and assess the effect of hypnosis on the reliability of the testimony *before* making a decision on admissibility.[6]

The only difference in the case sub judice from the appellate authority on this issue in Pennsylvania, is that this is a civil rather than a criminal case. Since the Supreme Court in *Commonwealth v. Smoyer, supra,* held that "testimony adduced by hypnotism is inadmissible as evidence," this difference is of no legal significance. *Commonwealth v. Reed, supra.* We are bound by the holding in *Smoyer* and not free to consider the merits of *Sprynczynapyk.* Therefore, the following order is entered.[7]

## ORDER OF COURT

And now, August 27, 1992, defendants' motion in limine, is *granted.* Plaintiffs are precluded from introducing at trial any testimony of Beth L.A. Rothstein induced by hypnotism.

---

6. In *Commonwealth v. Nazarovitch, supra,* the Supreme Court of Pennsylvania noted the *Hurd* guidelines in New Jersey.

7. As to any proposed testimony of Beth Rothstein that is not hypnotically induced, the Supreme Court in *Smoyer* provides:

"Whenever a person previously hypnotized is offered as a witness, the offering party must ... show that the testimony to be presented was established and existed previous to any hypnotic process; that the person conducting the hypnotic session must be trained in the process and is neutral of any connection with the issue or the parties; and, the trial judge shall instruct the jury that the testimony of a witness previously hypnotized should be carefully scrutinized and received with caution." (citation omitted)