Thomas H. **EVERETT**, Plaintiff,

v.

**GEORGIA–PACIFIC CORP.**, Defendant.

Civil Action No. CV295–171.

United States District Court,
S.D. Georgia,
Brunswick Division.

Nov. 6, 1996.

Walter Douglas Adams, Brunswick, GA, for Thomas H. Everett, plaintiff.

Mark David Johnson, Gilbert, Harrell, Gilbert, Brunswick, GA, James B. Gilbert, Gilbert, Harrell, Gilbert et al., Brunswick, GA, for Georgia Pacific Corporation, defendant.

Dana F. Braun, Karsman, Brooks & Callaway, Savannah, GA, for Milton J. Wood Company of Georgia.

### ORDER

ALAIMO, District Judge.

Plaintiff, Thomas H. Everett ("Everett"), brings this diversity negligence action against Defendant, Georgia–Pacific Corp. ("Georgia–Pacific"), pursuant to 28 U.S.C. § 1332. Everett contends that a release of harmful chemicals at Georgia–Pacific's Brunswick pulp and paper mill has caused

him to suffer chronic bronchitis and Chronic Obstructive Pulmonary Disease ("COPD").

Georgia–Pacific has filed a motion in limine to exclude any testimony by Plaintiff's expert, Dr. Anmuey Chiempbrabha ("Chiem"), that relates to the cause of Everett's medical condition. For the reasons set forth below, Defendant's Motion in Limine will be GRANTED.

### DISCUSSION

#### I. Expert Qualifications

■ A threshold determination in deciding whether scientific evidence is admissible is whether the individual offering the evidence is qualified as an expert in the field in which he is offering an opinion. *See* Fed.R.Evid. 702 (providing for admission of scientific evidence offered by a "witness qualified as an expert by knowledge, skill, experience, training, or education"); *Will v. Richardson–Merrell, Inc.*, 647 F.Supp. 544, 548–49 (S.D.Ga. 1986) (excluding expert testimony by plastic surgeon relating to whether ingestion of Bendectin by plaintiff's mother during pregnancy caused plaintiff's birth defects because witness was not qualified as an expert with respect to the causation of birth defects).

■ There is a split of authority whether a physician who is not a specialist in the area of her expert testimony can qualify as an expert. *Compare, e.g., Smith v. Ortho Pharmaceutical. Corp.*, 770 F.Supp. 1561, 1567–68 (N.D.Ga.1991) ("The fact that the physician is not a specialist in the field in which he is giving his opinion affects not the admissibility of his opinion but the weight the jury may place on it.") (quoting *Payton v. Abbott Labs*, 780 F.2d 147, 155 (1st Cir.1985)) *with Will*, 647 F.Supp. at 548–49 (plastic surgeon not qualified to testify as expert in field of teratogenesis).[1] The Court is persuaded that a physician must, at a minimum, possess some specialized knowledge about the field in which he is to testify.

■ In the case at bar, Chiem proposes to offer an opinion as to the causation of Everett's medical condition. The relevant inqui-

---

**1.** Teratogenesis is the production of birth defects. Dorland's Illustrated Medical Dictionary 1549 (25th ed. 1974).

ry, thus, is whether Chiem is an expert in the field of toxicology, which is "the study of adverse effects of chemical agents on biological systems."[2] To qualify as an expert, Chiem must possess some specialized knowledge about toxicology.[3]

Chiem graduated from the University of Medical Sciences in Bangkok, Thailand, and completed surgical training in Flushing Hospital, Flushing, New York. (Chiem Dep. at 4.) Chiem is licensed to practice medicine in New York and Mississippi. (*Id.*) He currently practices family medicine and surgery in Mendenhall, Mississippi. (*Id.*) Chiem apparently possesses no specialized knowledge or training in the field of toxicology.[4] Given the complete absence of any specialized knowledge with regard to toxicology, the Court concludes that Chiem is not qualified to give expert testimony as to the cause of Everett's medical condition.

## II. *Application of Daubert Factors*

■ Even assuming that Chiem was qualified to give expert testimony whether exposure to chemicals caused Everett's medical condition, the proposed testimony must be excluded under the standard governing admissibility of scientific evidence set forth in *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579, 589, 113 S.Ct. 2786, 2794–95, 125 L.Ed.2d 469, 480 (1993). In *Daubert,* the Supreme Court held that Federal Rule of Evidence 702 superseded the *Frye* "general acceptance test"[5] that previously was used to govern the admissibility of expert testimony. *Daubert* established a two-prong test that the Court must follow to admit expert testimony. *Id.* at 592, 113 S.Ct. at 2796, 125 L.Ed.2d at 482. The Court must determine "whether the expert is proposing to testify to

(1) scientific knowledge that (2) will assist the trier of fact to understand or determine a fact in issue." *Id.,* at 592, 113 S.Ct. at 2796, 125 L.Ed.2d at 482. In sum, the Court must determine whether "an expert's opinions are based on relevant scientific methods, processes, and data, and not on mere speculation, and that they apply to the facts at issue." *Joiner v. General Elec. Co.,* 78 F.3d 524, 530 (11th Cir.1996).

■ Under the first prong of the test, it must be determined whether the expert testimony is based on a reliable foundation. *Daubert,* 509 U.S. at 597, 113 S.Ct. at 2799, 125 L.Ed.2d at 485; *Joiner,* 78 F.3d at 530. Several factors are considered in this determination, including but not limited to (1) empirical testability, (2) whether the theory has been published or otherwise subjected to peer review, (3) the known or potential rate of error, and (4) general acceptance in the scientific community. *Daubert,* 509 U.S. at 593, 113 S.Ct. at 2796–97, 125 L.Ed.2d at 483; *Joiner,* 78 F.3d at 530.

The proposed testimony of Chiem fails the first prong of the *Daubert* test. Chiem's opinion that the fumes allegedly inhaled by Everett caused him to suffer chronic bronchitis and worsened his COPD is based on nothing more than mere speculation. Chiem offers no reliable basis for his opinion. The only information considered by Chiem in forming his opinion was Everett's statement that he was exposed to toxic fumes. Chiem, however, admits that he does not know to which chemical Everett was exposed. (Chiem Dep. at 15.) Moreover, Chiem failed to engage in any rigorous analysis to determine the cause of Everett's illnesses. For example, Chiem did not conduct a thorough review of Everett's past medical history.

2. Bernard D. Goldstein and Mary Sue Henifin, Reference Guide on Toxicology, in Reference Manual on Scientific Evidence 181, 185 (1994).

3. The Federal Judicial Center's Reference Manual on Scientific Evidence states that "[a] physician without particular training or experience in toxicology is unlikely to have sufficient background to evaluate the strengths and weaknesses of toxicological research.... Generally, physicians are quite knowledgeable as to identification of effects.... However, most physicians have little training in chemical toxicology and lack an understanding of exposure assessment...." *Id.* at 197–98.

4. The Court notes that Plaintiff gave an incomplete answer in its response to the interrogatory, required by Local Rule 26.3, which requires disclosure of a summary of the grounds for any expert opinion. Plaintiff provided only the name of Chiem. (Pl.'s Resp. to Interrogs. Required by Local Rule 26.3 ¶ 4.)

5. The *Frye* test required courts to exclude any scientific evidence that was not generally accepted in the scientific community. *Frye v. United States,* 293 F. 1013, 1014 (D.C.Cir.1923).

(*See* Chiem Dep. at 25 (stating he does not know for how long Everett smoked).) Further, Chiem admits that he did not eliminate other causes of bronchitis and COPD, such as smoking, allergies, or working in a heavy industry, as possibilities. (Chiem Dep. at 20.) Most importantly, Chiem admits that he cannot state with any degree of medical certainty whether Everett's medical conditions were caused by exposure to chemical fumes. (*Id.*)

The proposed testimony of Chiem is nothing more than "pure speculation presented in the guise of legitimate scientifically-based expert opinion" that must be excluded as evidence. *Joiner,* 78 F.3d at 530. Accordingly, Defendant's Motion in Limine will be granted.

## CONCLUSION

The Court has carefully considered the admissibility of the testimony of Chiem relating to the cause of Plaintiff's medical conditions. Defendant's Motion in Limine to exclude all such testimony by Chiem is **GRANTED.**

**SO ORDERED.**