## STATE OF CONNECTICUT *v.* RUSSELL C. HUNTER
### (SC 15364)

Callahan, C. J., and Borden, Berdon, Norcott, Katz, Palmer and McDonald, Js.

Argued September 24, 1996—officially released May 20, 1997

---

[1] *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993).

*Richard M. Marano*, for the appellant (defendant).

*Lisa Herskowitz*, deputy assistant state's attorney, with whom were *Kevin T. Kane*, state's attorney, and, on the brief, *John Connelly*, state's attorney, and *Maureen Keegan*, assistant state's attorney, for the appellee (state).

*Opinion*

BORDEN, J. This appeal is a companion to the appeal in *State* v. *Porter*, 241 Conn. 57, 698 A.2d 739 (1997). The issues in this certified appeal are: (1) whether Connecticut should adopt as the standard for the admissibility of scientific evidence the standard set forth by the United States Supreme Court in *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993); and (2) whether Connecticut should abandon its traditional per se rule that polygraph evidence is inadmissible at trial. The defendant, Russell C. Hunter, appeals from the judgment of the Appellate Court affirming his conviction for robbery in the first degree in violation of General Statutes § 53a-134 (a) (4).[1] Prior to trial, the defendant had moved to admit

---

[1] General Statutes § 53a-134 provides in pertinent part: "Robbery in the first degree: Class B felony. (a) A person is guilty of robbery in the first degree when, in the course of the commission of the crime of robbery as defined in section 53a-133 or of immediate flight therefrom, he or another participant in the crime . . . (4) displays or threatens the use of what he

the results of an exculpatory polygraph examination. The trial court denied the defendant's motion and, on the defendant's postconviction appeal, the Appellate Court affirmed the trial court's judgment. *State* v. *Hunter*, 37 Conn. App. 907, 655 A.2d 291 (1995). This certified appeal followed.[2]

The defendant claims that: (1) the Appellate Court incorrectly concluded that the trial court properly denied his request for an evidentiary hearing regarding the admissibility of polygraph evidence; and (2) in light of the United States Supreme Court's decision in *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, supra, 509 U.S. 579, this court should reconsider its test for determining the admissibility of scientific evidence, which is currently based on *Frye* v. *United States*, 293 F. 1013 (D.C. Cir. 1923), and should conclude that polygraph evidence is admissible under the *Daubert* test. We address these precise claims in *State* v. *Porter*, supra, 241 Conn. 57, and for the reasons explained therein, we affirm the judgment of the Appellate Court.

The judgment of the Appellate Court is affirmed.

In this opinion CALLAHAN, C. J., and NORCOTT, KATZ, PALMER and MCDONALD, Js., concurred.

BERDON, J., concurring and dissenting. This appeal presents the same issue that was decided today in the

represents by his words or conduct to be a pistol, revolver, rifle, shotgun, machine gun or other firearm . . . ."

[2] We granted the defendant's petition for certification to appeal from the Appellate Court, limited to the following issues: "Under the circumstances of this case: 1. Did the Appellate Court properly conclude that the trial court was correct in denying the defendant's request for an evidentiary hearing regarding the admissibility of the defendant's polygraph evidence?

"2. Should this court reconsider the applicability of the test for determining the admissibility of scientific evidence set forth in *Frye* v. *United States*, 293 F. 1013 (D.C. Cir. 1923), in light of the United States Supreme Court's decision in *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993)?" *State* v. *Hunter*, 236 Conn. 907, 670 A.2d 1307 (1996).

companion case of *State* v. *Porter*, 241 Conn. 57, 698 A.2d 739 (1997), pertaining to the standard for the admissibility of scientific evidence and the right to a hearing in order for a trial court to determine the admissibility of polygraph evidence. The defendant, Russell Hunter, an African-American, was convicted of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4). He was sentenced to sixteen years imprisonment, execution suspended after nine years.

The sole issue at trial was the identification of the defendant[1] as the person who committed the robbery. On April 14, 1993, the defendant submitted to a polygraph test administered by Victor C. Kaufman, a polygraphist and chief examiner with New York Lie Detection Laboratories. Kaufman is a charter member of the American Polygraph Examiners of New York State, the Empire State Polygraphy Society, the Virginia Polygraph Association, the Association of Police Polygraphists and the American Polygraph Association, and he has conducted more than 10,000 polygraph examinations since 1958. Kaufman administered a "four pen Lafayette polygraph procedure" to register changes in the blood pressure, rate and strength of pulse beat, galvanic skin response, and respiratory pattern of the defendant.

The pertinent questions asked during the defendant's polygraph examination, and the indicated answers, were as follows:

"On December 6, 1992 [the day of the robbery], did you take any money out of Morcey's Restaurant, 572 Watertown Avenue [the place of the robbery]?

"No.

---

[1] See footnote 4 of my concurring and dissenting opinion in *State* v. *Porter*, supra, 241 Conn. 138–39 n.4, with respect to the inherent unreliability of cross-racial identification.

"On December 6, 1992, did you rob Morcey's Restaurant, 572 Watertown Avenue?

"No.

"On December 6, 1992, were you inside Morcey's Restaurant, 572 Watertown Avenue?

"No."

In his report, based upon the polygraph examination, Kaufman concluded: "No deception was indicated in this examinee's recorded responses to the above relevant questions and it is this polygraphist's opinion that Russell Hunter answered all these questions truthfully."

Several days before the defendant's trial, the trial court denied the defendant's motion to admit the polygraph results into evidence and held that the defendant was not entitled to a full hearing on the motion. The defendant subsequently testified at his trial that he did not participate in the robbery.

As I indicated in my concurring and dissenting opinion in *State* v. *Porter*, supra, 241 Conn. 145–47, upon adopting the standard set forth in *Daubert* v. *Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 592–95, 113 S. Ct. 2786, 125 L. Ed. 2d 469 (1993), for the admissibility of scientific evidence, the trial court should be the court to determine whether the polygraph evidence is admissible.

In my view, the majority, by adopting its per se rule, which denies the defendant a right to a hearing on the admissibility of exculpatory polygraph evidence, violates his due process rights and his right to present a defense under the federal and state constitutions. See *State* v. *Porter*, supra, 241 Conn. 161 (*Berdon, J.*, concurring and dissenting).

Accordingly, I dissent with respect to the issue of the admissibility of polygraph evidence.