Ronald Steven TRIMBOLI, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 1257–91 to 1259–91.

Court of Criminal Appeals of Texas, En Banc.

April 1, 1992.

Pamela J. Moore, Fort Worth, for appellant.

**954**

Tim Curry, Dist. Atty., C. Chris Marshall and Betty Marshall, Asst. Dist. Attys., Fort Worth, and Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

MILLER, Judge.

Appellant was convicted by a jury of the murders of three youths. V.T.C.A. Penal Code § 19.02. The jury also assessed punishment at three consecutive life sentences. On direct appeal, the court of appeals overruled each of appellant's points of error and affirmed the judgment of the trial court. *Trimboli v. State*, 817 S.W.2d 785 (Tex.App.—Waco 1991). We granted appellant's petition to review the court of appeals' decision that the trial court did not abuse its discretion in denying appellant's motion to exclude DNA [1] "fingerprint" evidence at his trial. We will affirm the judgment of the court of appeals.

In the court of appeals, appellant contended the trial court erred in admitting testimony from the State's expert witnesses that appellant's DNA matched the evidentiary DNA,[2] and that the frequency of this particular DNA in the North American caucasian population was one in 54 billion. *Trimboli*, 817 S.W.2d at 789. Appellant contended the DNA test results were inadmissible under both the "relevancy test" and the *Frye*[3] test. *Id.* at 790. The court of appeals agreed with a sister court's opinion in *Kelly v. State*, 792 S.W.2d 579 (Tex. App.—Fort Worth 1990), that the relevancy test, as derived from Rules 401, 402, and 702 of the Texas Rules of Criminal Evidence, governed the admissibility of scientific evidence. 817 S.W.2d at 790. Apply-

ing that standard to the facts in this case, the court of appeals determined the State had met its burden for the admissibility of the DNA "fingerprint" evidence, *viz:* "[the State] presented witnesses qualifying as experts in DNA testing; it elicited testimony which would assist the jury ...; and it showed that the DNA evidence's probative value ... outweighed any prejudicial effect." *Id.* at 792.

■ At the time of the court of appeals' decision it did not have the benefit of this Court's decision in *Kelly v. State*, 824 S.W.2d 568 (Tex.Crim.App. No. 969–90 delivered February 5, 1992). The court of appeals noted, however, that this Court had granted the petition for discretionary review in *Kelly* and believed, for the reasons set forth in *Kelly*, that this Court would adopt the relevancy standard for the admissibility of DNA evidence. *Trimboli*, 817 S.W.2d at 790, n. 3.[4] Indeed, in *Kelly* this Court affirmed the judgment of the court of appeals and held that Rule 702 of the rules of criminal evidence governed the admission of all novel scientific evidence. At pp. 573–74. We also concluded the *Frye* general acceptance test was no longer the controlling test under Texas law. *Id.* at p. 572. Thus, the court of appeals in the cause *sub judice* utilized the proper standard for determining the admissibility of the DNA evidence and reached the correct result. Appellant's ground for review is overruled.

Accordingly, the judgment of the court of appeals is affirmed.

CLINTON, J., concurs in the result.

---

**1.** Deoxyribonucleic acid.

**2.** The evidentiary DNA was obtained from a bedspread upon which one of the female victims, who had been sexually assaulted, was lying.

**3.** *Frye v. United States*, 293 F. 1013 (D.C.Cir. 1923).

**4.** Two of the State's three expert witnesses also testified for the State in *Kelly*.