PER CURIAM.
The Juvenile Court Rules Committee, in response to a request from this Court, has filed an emergency petition to amend Florida Rule of Juvenile Procedure 8.060. We have jurisdiction. See art. V, § 2(a), Fla. Const.
In Amendment to Florida Rule of Criminal Procedure 3.220(h)(1), 710 So.2d 961 (Fla.1998), this Court recently amended the Florida Rules of Criminal Procedure to allow an attorney of record to issue deposition subpoenas, with the exception of subpoenas duces tecum. The amendment followed this Court’s determination that Florida Rule of Civil Procedure 1.410(a), which allows an attorney of record to issue subpoenas, does not apply in criminal cases. Under the former version of rule 3.220(h)(1), only the trial court or clerk of court was allowed to issue deposition subpoenas in criminal cases.
After amending the criminal rule to allow attorneys to issue deposition subpoenas, this Court asked the Juvenile Court Rules Committee to consider whether a similar amendment was warranted in the Rules of Juvenile Procedure. After considering the Court’s request, the committee voted to amend Rule of Juvenile Procedure 8.060(d)(2)(E) to conform with criminal rule 3.220(h)(1), in order to “ensure consistency in the deposition procedure process throughout the rules of court.” The proposed amendment was published for comments, but none were received.
*1154 We agree that subdivision (d)(2)(E) of juvenile rule 8.060 should be amended to conform with the criminal rule. To further promote consistency within the rules, we have determined that subdivision (d)(2)(B) of juvenile rule 8.060 also should be amended to mirror the amendment to criminal rule 3.220(h)(1), which provides that upon application, the court or clerk of court may (rather than shall) issue subpoenas for the persons whose depositions are to be taken.
Accordingly, we amend juvenile rule 8.060 as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by strike-through type. The amendment shall become effective upon the release of this opinion.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.
APPENDIX
RULE 8.060. DISCOVERY
(a)Notice of Discovery.
(1) After the filing of the petition, a child may elect to utilize the discovery process provided by these rules, including the taking of discovery depositions, by filing with the court and serving upon the petitioner a “notice of discovery” which shall bind both the petitioner and the child to all discovery procedures contained in these rules. Participation by a child in the discovery process, including the taking of any deposition by a child, shall be an election to participate in discovery. If any child knowingly or purposely shares in discovery obtained by a eodefendant, the child shall be deemed to have elected to participate in discovery.
(2) Within 5 days of service of the child’s notice of discovery, the petitioner shall serve a written discovery exhibit which shall disclose to the child or the child’s counsel and permit the child or the child’s counsel to inspect, copy, test, and photograph the following information and material within the petitioner’s possession or control:
(A) A list of the names and addresses of all persons known to the petitioner to have information which may be relevant to the allegations, to any defense with respect thereto, or to any similar fact evidence to be presented at trial under section 90.404(2), Florida Statutes. The names and addresses of persons listed shall be clearly designated in the following categories:
(i) Category A. These witnesses shall include
(a) eyewitnesses;
(b) alibi witnesses and rebuttal to alibi witnesses;
(c) witnesses who were present when a recorded or unrecorded statement was taken from or made by the child or codefendant, which shall be separately identified within this category;
(d) investigating officers;
(e) witnesses known by the petitioner to have any material information that tends to negate the guilt of the child as to the petition’s allegations;
(f) child hearsay witnesses; and
(g) expert witnesses who have not provided a written report and a curriculum vitae or who are going to testify to test results or give opinions that will have to meet the test set forth in Frye v. United States, 293 F. 1013 (D.C.Cir.1923).
(ii) Category B. All witnesses not listed in either Category A or Category C.
(iii) Category C. All -witnesses who performed only ministerial functions or whom the petitioner does not intend to call at the hearing and whose involvement with and knowledge of the case is fully set out in a police report or other statement furnished to the defense.
(B) The statement of any person whose name is furnished in compliance with the preceding paragraph. The term “statement” as used herein means a written statement made by said person and signed or otherwise adopted by him or her and also includes any statement of any kind or manner made by such person and written or recorded or summarized in any writing or recording. The term “statement” is specifically intended to include all police and investigative reports of any kind prepared for or in connection with the case, but shall not *1155 include the notes from which such reports are compiled.
(C) Any written or recorded statements and the substance of any oral statements made by the child and known to the petitioner, including a copy of any statements contained in police reports or summaries, together with the name and address of each witness to the statements.
(D) Any written or recorded statements, and the substance of any oral statements, made by a codefendant if the hearing is to be a joint one.
(E) Those portions of recorded grand jury minutes that contain testimony of the child.
(F) Any tangible papers or objects which were obtained from or belonged to the child..
(G) Whether the petitioner has any material or information which has been provided by a confidential informant.
(H) Whether there has been any electronic surveillance, including wiretapping, of the premises of the child, or of conversations to which the child was- a party, and any documents relating thereto.
(I) Whether there has been any search or seizure and any document relating thereto.
(J) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(K) Any tangible papers or objects which the petitioner intends to use in the hearing and which were not obtained from or belonged to the child.
(3) As soon as practicable after the filing of the petition, the petitioner shall disclose to the child any material information within the state’s possession or control which tends to negate the guilt of the child as to the petition’s allegations.
(4) The petitioner shall perform the foregoing obligations in any manner mutually agreeable to the petitioner and the child or as ordered by the court.
(5)Upon a showing of materiality to the preparation of the defense, the court may require such other discovery to the child as justice may require.
(b) Required Disclosure to Petitioner.
(1) If a child elects to participate in discovery, within 5 days after receipt by the child of the discovery exhibit furnished by the petitioner under this rule, the following disclosures shall be made:
(A) The child shall furnish to the petitioner a written list of all persons whom the child expects to call as witnesses at the hearing. When the petitioner subpoenas a witness whose name has been furnished by the child, except for hearing subpoenas, reasonable notice shall be given to the child as to the time and location of examination pursuant to the subpoena. At such examination, the child through counsel shall have the right to be present and to examine the witness. The physical presence of the child shall be governed by rule 8.060(d)(6).
(B) The child shall serve a written discovery exhibit which shall disclose to the petitioner and permit the petitioner to inspect, copy, test, and photograph the following information and material which is in the child’s possession or control:
(i) The statement of any person whom the child expects to call as a trial witness other than that of the child.
(ii) Reports or statements of experts made in connection with the particular case, including results of physical or mental examinations and of scientific tests, experiments, or comparisons.
(iii) Any tangible papers or objects which the child intends to use in the hearing.
(2) The child shall perform the foregoing obligations in- any manner mutually agreeable to the child and the petitioner or as ordered by the court.
(3) The filing of a motion for protective order by the petitioner will automatically stay the times provided for in this subdivision. If a protective order is granted, the child may, within 2 days thereafter, or at any time before the petitioner furnishes the information or material which is the subject of the *1156 motion for protective order, withdraw the demand and not be required to furnish reciprocal discovery.
(c) Limitations on Disclosui’e.
(1) Upon application, the court may deny or partially restrict disclosure authorized by this rule if it finds there is a substantial risk to any person of physical harm, intimidation, bribery, economic reprisals, or unnecessary annoyance or embarrassment resulting from such disclosure, which outweighs any usefulness of the disclosure to the party requesting it.
(2) The following matters shall not be subject to disclosure:
(A) Disclosure shall not be required of legal research or of records, correspondence, or memoranda, to the extent that they contain the opinion, theories, or conclusions of the prosecuting or defense attorney or members of their legal staff.
(B) Disclosure of a confidential informant shall not be required unless the confidential informant is to be produced at a hearing or a failure to disclose the informant’s identity will infringe upon the constitutional rights of the child.
(d) Depositions.
(1) Time and Location.
(A) At any time after the filing of the petition alleging a child to be delinquent, any party may take the deposition upon oral examination of any person authorized by this rule.
(B) The deposition shall be taken in a building where the adjudicatory hearing may be held, such other location agreed upon by the parties, or such location as the trial judge, administrative judge, or chief judge may designate by special or general order. A witness who is a resident of the state may be required to attend a deposition only in the county where the witness resides, is regularly employed, or regularly transacts business in person.
(2) Procedure.
(A) The party taking the deposition shall give reasonable written notice to each other party and shall make a good faith effort to coordinate the date, time, and location of the deposition to accommodate the schedules of other parties and the witness to be deposed. The notice shall state the time and the location of the deposition and the name of each person to be examined, and include a certificate of counsel that a good faith effort was made to coordinate the deposition schedule.
(B) Upon application, the court or the clerk of the court shalimay issue subpoenas for the persons whose depositions are to be taken.
(C) After notice to the parties the court, for good cause shown, may change the time or location of the deposition.
(D) In any case, no person shall be deposed more than once except by consent of the parties or by order of the court issued on good cause shown.
(E) Except as otherwise provided by this rule, the procedure for taking the deposition, including the scope of the examinationT objections, and the issuance-,■ execution, and ■return of service, of a subpoena (except for a subpoena duces tecum) for deposition by an attorney of record in the action shall be the same as that provided byin the Florida Rules of Civil Procedure.
(F) The child, without leave of court, may take the deposition of any witness listed by the petitioner as a Category A witness or listed by a codefendant as a witness to be called at a joint hearing. After receipt by the child of the discovery exhibit, the child, without leave of court, may take the deposition of any unlisted witness who may have information relevant to the petition’s allegations. The petitioner, without leave of court, may take the deposition of any witness listed by the child to be called at a hearing.
(G) No party may take the deposition of a witness listed by the petitioner as a Category B witness except upon leave of court with good cause shown. In determining whether to allow a deposition, the court should consider the consequences to the child, the complexities of the issues involved, the complexity of the testimony of the witness (e.g., experts), and the other opportunities available to the child to discover the information sought by deposition.
*1157 (H) A -witness listed by the petitioner as a Category C witness shall not be subject to deposition unless the court determines that the witness should be listed in another category.
(I) No deposition shall be taken in a case in which a petition has been filed alleging that the child committed only a misdemeanor or a criminal traffic offense when all other discovery provided by this rule has been complied with unless good cause can be shown to the trial court. In determining whether to allow a deposition, the court should consider the consequences to the child, the complexity of the issues involved, the complexity of the witness’s testimony (e.g., experts), and the other opportunities available to the child to discover the information sought by deposition. However, this prohibition against the taking of depositions shall not be applicable if following the furnishing of discovery by the child the petitioner then takes the statement of a listed defense witness pursuant to section 27.04, Florida Statutes.
(3) Use of Deposition. Any deposition taken pursuant to this rule may be used at any hearing covered by these rules by any party for the purpose of impeaching the testimony of the deponent as a witness.
(4) Introduction of Part of Deposition. If only part of a deposition is offered in evidence by a party, an adverse party may require the introduction of any other part that in fairness ought to be considered with the part introduced, and any party may introduce any other parts.
(5) Sanctions. A witness who refuses to obey a duly served subpoena for the taking of a deposition may be adjudged in contempt of the court from which the subpoena issued.
(6) Physical Presence of Child. The child shall not be physically present at a deposition except upon stipulation of the parties or as provided by this rule.
The court may order the physical presence of the child upon a showing of good cause. In ruling, the court may consider
(A)the need for the physical presence of the child to obtain effective discovery;
(B) the intimidating effect of the child’s presence on the witness, if any;
(C) any cost or inconvenience which may result; and
(D) any alternative electronic or audio-visual means available to protect the child’s ability to participate in discovery without the child’s physical presence.
(7) Statements of Law Enforcement Officers. Upon stipulation of the parties and the consent of the witness, the statement of a law enforcement officer may be taken by telephone in lieu of deposition of the officer. In such ease, the officer need not be under oath. The statement, however, shall be recorded and may be used for impeachment at trial as a prior inconsistent statement pursuant to the Florida Evidence Code.
(8) Depositions of Law Enforcement Officers. Subject to the general provisions of this rule, law enforcement officers shall appear for deposition, without subpoena, upon written notice of taking deposition delivered at the address designated by the law enforcement agency or department or, if no address has been designated, to the address of the law enforcement agency or department, 5 days prior to the date of the deposition. Law enforcement officers who fail to appear for deposition after being served notice are subject to contempt proceedings.
(9) Videotaped Depositions. Depositions of children under the age of 16 shall be videotaped upon demand of any party unless otherwise ordered by the court. The court may order videotaping of a deposition' or taking of a deposition of a witness with fragile emotional strength to be in the presence of the trial judge or a special master.
(e) Perpetuating Testimony.
(1) After the filing of the petition and upon reasonable notice, any party may apply for an order to perpetuate testimony of a witness. The application shall be verified or supported by the affidavits of credible persons, and shall state that the prospective witness resides beyond the territorial jurisdiction of the court or may be unable to attend or be prevented from attending the subsequent court proceedings, or that grounds exist to believe that the witness will *1158 absent himself or herself from the jurisdiction of the court, that the testimony is material, and that it is necessary to take the deposition to prevent a failure of justice.
(2) If the application is well founded and timely made, the court shall order a commission to be issued to take the deposition of the witness to be used in subsequent court proceedings and that any designated books, papers, documents, or tangible objects, not privileged, be produced at the same time and place. The commission may be issued to any official court reporter, whether the witness be within or without the state, transcribed by the reporter, and filed in the court. The commission shall state the time and place of the deposition and be served on all parties.
(3) No deposition shall be used or read in evidence when the attendance of the witness can be procured. If it shall appear to the court that any person whose deposition has been taken has absented himself or herself by procurement, inducements, or threats by or on behalf of any party, the deposition shall not be read in evidence on behalf of that party.
(f) Nontestimonial Discovery. After the filing of the petition, upon application, and subject to constitutional limitations, the court may with directions as to time, place, and method, and upon conditions which are just, require:
(1) the child in all proceedings to:
(A) appear in a lineup;
(B) speak for identification by a witness to an offense;
(C) be fingerprinted;
(D) pose for photographs not involving reenactment of a scene;
(E) try on articles of clothing;
(F) permit the taking of specimens of material under the fingernails;
(G) permit the taking of samples of blood, hair, and other materials of the body which involve no unreasonable intrusion thereof;
(H) provide specimens of handwriting; or
(I) submit to a reasonable physical or medical inspection of his or her body; and
(2) such other discovery as justice may require upon a showing that such would be relevant or material.
(g) Court May Alter Times. The court may alter the times for compliance with any discovery under these rules on good cause shown.
(h) Supplemental Discovery. If, subsequent to compliance with these rules, a party discovers additional witnesses, evidence, or material which the party would have been under a duty to disclose or produce at the time of such previous compliance, the party shall promptly disclose or produce such witnesses, evidence, or material in the same manner as required under these rules for initial discovery.
(i) Investigations Not to Be Impeded. Except as otherwise provided for matters not subject to disclosure or restricted by protective orders, neither the counsel for the parties nor other prosecution or defense personnel shall advise persons having relevant material or information, except for the child, to refrain from discussing the case with opposing counsel or showing opposing counsel any relevant material, nor shall they otherwise impede opposing counsel’s investigation of the case.
(j) Protective Orders. Upon a showing of good cause, the court shall at any time order that specified disclosures be restricted, deferred, or exempted from discovery, that certain matters are not to be inquired into or that the scope of the deposition be limited to certain matters, that a deposition be sealed and after being sealed be opened only by order of the court, or make such other order as is appropriate to protect a witness from harassment, unnecessary inconvenience, or invasion of privacy, including prohibiting the taking of a deposition. All material and information to which a party is entitled, however, must be disclosed in time to permit such party to make beneficial use of it.
(k) Motion to Terminate or Limit Examination. At any time during the taking of a deposition, on motion of a party or of the deponent, and upon a showing that the examination is being conducted in bad faith or in such manner as to unreasonably annoy, em *1159 barrass, or oppress the deponent or party, the court in which the action is pending or the circuit court where the deposition is being taken may (1) terminate the deposition, (2) limit the scope and manner of the taking of the deposition, (3) limit the time of the deposition, (4) continue the deposition to a later time, (5) order the deposition to be taken in open court and, in addition, (6) may impose any sanction authorized by this rule. If the order terminates the deposition, it shall be resumed thereafter only upon the order of the court in which the action is pending. Upon demand of any party or deponent, the taking of the deposition shall be suspended for the time necessary to make a motion for an order.
(J) In Camera and Ex Parte Proceedings.
(1) Any person may move for an order denying or regulating disclosure of sensitive matters. The court may consider the matters contained in the motion in camera.
(2) Upon request, the court shall allow the child to make an ex parte showing of good cause for taking the deposition of a Category B witness.
(3) A record shall be made of proceedings authorized under this subdivision. If the court enters an order granting relief after an in camera inspection or ex parte showing, the entire record of the proceeding shall be sealed and preserved in the records of the court, to be made available to the appellate court in the event of an appeal.
(m) Sanctions.
(1) If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply with an applicable discovery rule or with an order issued pursuant to an applicable discovery rule, the court may:
(A) order such party to comply with the discovery or inspection of materials not previously disclosed or produced;
(B) grant a continuance;
(C) grant a mistrial;
(D) prohibit the party from calling a witness not disclosed or introducing in evidence the material not disclosed; or
(E) enter such order as it deems just under the circumstances.
(2) Willful violation by counsel or a party not represented by counsel of an applicable discovery rule or an order issued pursuant thereto may subject counsel or a party not represented by counsel to appropriate sanction by the court. The sanctions may include, but are not limited to, contempt proceedings against the attorney or party not represented by counsel, as well as the assessment of costs incurred by the opposing party, when appropriate.
Court Commentary
1996 Amendment. This amendment generally conforms the rule .to the 1996 amendment to Florida Rule of Criminal Procedure 3.220.