HARRIS, J.
In this case, Wynn was convicted of sexually assaulting two young men during an armed robbery episode. He was charged not only with orally and anally assaulting the young victims but also, at gun point, requiring the young men to themselves engage in sexual acts. The State’s expert on DNA performed an analysis of stain cards coming from the two victims and appellant and at least some of the swabs contained evidence that a mixture of DNA was present. Appellant contends that there was an insufficient Frye[1] determination as to the mixed samples. We disagree.
The court, in determining that Frye had been satisfied, had the following testimony on which to rely:
(Dr. Tracy [the State’s expert]): The publication we were discussing a few moments ago, the Evaluation of Forensic DNA Evidence from the National Research Council, recommends that in cases of mixture, that the analysis that I did, a prosecution and defense, should be done with the product rule for both the numerator and the denominator.
There was no evidence offered to suggest the unreliability of the analysis of mixed samples. The court’s determination that the procedure used met the Frye standard even as it related to mixed samples was not error.
Appellant claims that the court erred when it permitted the State’s expert to testify on redirect that another analyst at the lab had performed a similar test of the swabs and reached the same result. Even if error, we find it harmless.
Both victims had seen Wynn on various occasions in the neighborhood. They recognized characteristics (the way he talked and his big ears) and clothing (unique shoes subsequently identified) not hidden by the ski mask. One even had observed Wynn earlier displaying the gun used in the assault. Both victims picked Wynn out of a photo line-up prior to his arrest. Their identification and the corroborating DNA, we believe, rendered any error in admitting the testimony concerning a similar test with the same results by another lab analyst harmless.
AFFIRMED.
COBB and PETERSON, JJ., concur.

. Frye v. United States, 293 F. 1013 (D.C.Cir. 1923).