804 So.2d 502 (2001)
D. Michael RICKGAUER, etc., et al., Appellants,
v.
Patricia SARKAR, et al., Appellees.
No. 5D00-3280.
District Court of Appeal of Florida, Fifth District.
December 21, 2001.
Rehearing Denied January 25, 2002.
*503 Nolan Carter and Joanna Holley, of Law Office of Nolan Carter, P.A., Orlando, for Appellant.
Richards H. Ford and Michael R. D'Lugo, of Wicker, Smith, O'Hara, McCoy, Graham & Ford, P.A., Orlando, for Appellees.
SHARP, W., J.
The personal representative of the estate of Linda Noble appeals following a jury trial in which the defendants, Patricia Sarkar, M.D., and The Group for Psychiatry, Psychology and Social Services were found to be not liable for Linda Noble's suicide in a medical malpractice case. The appellant's primary argument on appeal is that the trial court erred in excluding the opinion of his expert witness, Dr. Sharp, that had Dr. Sarkar recommended hospitalization when Linda came to see her, or had she prescribed other stronger anti-psychotic medications, Linda would have followed her recommendations and would not have committed suicide. Under the circumstances of this case, we affirm.
The facts giving rise to this case are that Linda, while visiting her parents in Florida, became sufficiently mentally distressed that her mother arranged an appointment with Dr. Sarkar, a psychiatrist. Dr. Sarkar, who had never seen Linda before, was told Linda had suffered from manic depression for some years and had been taking various medications. Linda told her she felt at that time "a little bit" suicidal. Dr. Sarkar gave her a one-week supply of Prozac in a low dose and a *504 prescription for Lithium. She arranged an appointment for Linda the following week. Linda committed suicide the following day.
We agree with appellant that neither the Frye[1] test nor the Daubert test[2] which were argued to the trial judge as potentially excluding such expert opinion testimony were relevant. Florida courts still apply the Frye test in determining the admissibility of scientific evidence, as the Florida Supreme Court has declined to apply the test announced in Daubert. Flanagan v. State, 625 So.2d 827 (Fla.1993); Poulin v. Fleming, M.D., 782 So.2d 452 (Fla. 5th DCA 2001).
The purpose of the Frye test is to guarantee the reliability of new or novel scientific evidence through its general acceptance by the relevant scientific community. Brim v. State, 695 So.2d 268, 272 (Fla.1997). Most expert testimony is not subject to the Frye test. See Flanagan v. State, 586 So.2d 1085, 1109-1111 (Fla. 1st DCA 1991)(Ervin, J., concurring in part and dissenting in part), approved in part, 625 So.2d 827 (Fla.1993), disapproved in part, State v. Jones, 625 So.2d 821 (Fla. 1993). Pure opinion testimony does not have to meet the Frye test because it is based on the expert's personal opinion. Flanagan at 828. We believe that Dr. Sharp's testimony was pure opinion testimony and did not have to meet the Frye test. See Westerheide v. State, 767 So.2d 637, 657 (Fla. 5th DCA 2000), review granted, 786 So.2d 1192 (Fla.2001) and cases cited therein.
However, defense counsel also argued below that Dr. Sharp lacked a sufficient basis factually and otherwise upon which to formulate an opinion that had Dr. Sarkar recommended hospitalization of Linda Noble, she would have accepted it, and not committed suicide. Apparently Dr. Sharp was not acquainted with the depositions given by Linda Noble's husband that she was fearful of being hospitalized and made him promise not to hospitalize her. In fact, that fear was one of the reasons she opted to leave their home and visit her parents in Florida. That line of testimony had been ruled inadmissible pretrial, pursuant to the appellant's motion in limine.
The trial judge apparently determined that since he had barred the defense from presenting testimony concerning Linda Noble's fear of hospitals, he should also bar appellants from presenting, through opinion testimony, that she would have accepted hospitalization. There is a sort of justice in this consistency and symmetry. Had the trial judge allowed Dr. Sharp to so testify, it would clearly have been error not to permit the defense to present its contrary evidence by way of defense. Had the defense been permitted to present its evidence as a defense, then it would also have been error not to have allowed Dr. Sharp to testify to the contrary by way of rebuttal.[3]
In any event, it appears from the record presented to this court that Dr. *505 Sharp was permitted to testify by way of expert opinion, in support of the essential elements of the appellant's malpractice case.[4] He testified that Dr. Sarkar made an inadequate assessment or evaluation of Linda Noble which led to an inadequate management plan. He testified that had an adequate evaluation been performed and an adequate treatment plan been formulated, they would have, within a reasonable medical certainty, prevented Linda Noble's death the following day. He discussed in particular why Dr. Sarkar's evaluation was faulty, and testified that based on an adequate diagnosis, she should have recommended hospitalization or placed Linda on stronger anti-psychotic drugs. He was also allowed to testify that it was his experience that patients generally accept treatment; i.e., hospitalization when recommended. In conclusion, he was allowed to testify:
Linda came for help and I firmly believe that if adequate help had been provided that it would have made a critical difference, which in this case, would have been life-sustaining.
AFFIRMED.
GRIFFIN and PLEUS, JJ., concur.
NOTES
[1] Frye v. United States, 293 F. 1013 (D.C.Cir. 1923).
[2] Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[3] 90.702. Testimony by experts.

If scientific, technical, or other specialized knowledge will assist the trier of fact in understanding the evidence or in determining a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education may testify about it in the form of an opinion; however, the opinion is admissible only if it can be applied to evidence at trial.
[4] A distinction exists between factual evidence or testimony and opinion testimony and as a general rule, factual evidence cannot be rejected unless it is contrary to law, improbable, untrustworthy, unreasonable or contradictory. Walls v. State, 641 So.2d 381, 390 (Fla. 1994); Brannen v. State, 94 Fla. 656, 114 So. 429 (1927). Opinion testimony is not subject to the same rule. Walls; Brannen.