827 So.2d 1113 (2002)
Yehowshua YISRAEL, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-3360.
District Court of Appeal of Florida, Fourth District.
October 16, 2002.
*1114 Carey Haughwout, Public Defender, and Tatjana Ostapoff, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Frank J. Ingrassia, Assistant Attorney General, Fort Lauderdale, for appellee.

ON MOTION FOR REHEARING
PER CURIAM.
We withdraw our previously filed opinion dated August 28, 2002, and replace it with the following.
Yehowshua Yisrael appeals his conviction for indecent assault upon a child under the age of sixteen, arguing that the trial court erred in admitting DNA evidence linking him to the crime. We affirm.
Yisrael contends that the introduction of DNA evidence of the victim's vaginal swab, which was found to have the presence of sperm, was error because the Profiler test kit used in the DNA analysis did not meet the Frye standard.[1] The Broward County Sheriffs Office (BSO) analyzed the DNA using a technique known as STR (short tandem repeat) with a Genetic Analyzer 310 machine and a Profiler testing kit. Both the machine and kit are manufactured by the Perkin-Elmer Corporation.
Prior to Yisrael's trial, a Frye hearing was held to determine the admissibility of the DNA evidence. Both sides presented expert testimony concerning the reliability of the DNA test. The trial court ruled that the DNA evidence was admissible, and it was presented at trial. During the trial, a technician with the BSO testified that the DNA profile from the swab matched Yisrael on seven of the nine identification peaks tested, with two being inconclusive. Dr. Martin Tracey, an expert in population genetics, stated that the test performed would have excluded Yisrael 99.999 percent of the time if it were not his DNA. The State also introduced Yisrael's statements to the police, admitting that he had "consensual sex" with the fourteen-year-old victim on four prior occasions.
On appeal, Yisrael asserts that the State failed to establish that the Profiler test kit manufactured by Perkin-Elmer is generally accepted as a reliable method of DNA analysis.[2] In Hayes v. State, 660 So.2d 257, 264 (Fla.1995), the Florida Supreme Court determined that properly conducted DNA analysis would satisfy the Frye test. The supreme court also stated
"In utilizing the Frye test, the burden is on the proponent of the evidence to prove the general acceptance of both the underlying scientific principle and the testing procedures used to apply that principle to the facts at hand.... The general acceptance under the Frye test must be established by a preponderance of the evidence."
Brim v. State, 695 So.2d 268, 272 (Fla.1997)(quoting Ramirez v. State, 651 So.2d 1164, 1168 (Fla.1995)).
We agree with the Alabama Supreme Court's recent holding that the Perkin-Elmer kits are scientifically reliable. See Ex parte Taylor, 825 So.2d 769, 778 (Ala.2002). Here, as in Taylor, there was sufficient evidence to place all aspects of the DNA analysis, including the Profiler test kit, into a category of general acceptance *1115 in the scientific community. Therefore, based on Taylor and the testimony offered by the State's experts, we find that the DNA evidence in this case was subjected to testing by a scientifically reliable test kit with general acceptance in the relevant scientific community. Accordingly, the results of that testing were admissible. See Frye.
Yisrael also argues that the trial court abused its discretion in denying his motion for mistrial based on a testifying police officer's comment on his right to remain silent. We find that any possible error in admitting the alleged comment is harmless in light of Yisrael's statement that he previously had sex with the underage victim, coupled with the DNA evidence. We affirm the remaining issue raised by Yisrael without discussion.
Accordingly, we uphold the trial court's ruling that the DNA evidence was admissible and affirm Yisrael's conviction.
AFFIRMED.
WARNER, STEVENSON and HAZOURI, JJ., concur.
NOTES
[1] Frye v. United States, 293 F. 1013 (D.C.Cir. 1923).
[2] As of note, Yisrael does not challenge the admissibility of the PCR (polymerase chain reaction)-STR method of analysis.