RULE 578.  OMNIBUS PRETRIAL MOTION FOR RELIEF.

Unless otherwise required in the interests of justice, all pretrial requests for relief shall be included in one omnibus motion.

COMMENT:  Types of relief appropriate for the omnibus pretrial motions include the following requests:

(1)  for continuance;
(2)  for severance and joinder or consolidation;
(3)  for suppression of evidence;
(4)  for psychiatric examination;
(5)  to quash or dismiss an information;
(6)  for change of venue or venire;
(7)  to disqualify a judge;
(8)  for appointment of investigator;
(9)  for pretrial conference;
(10) challenging the array of an indicting grand jury; **[and]**
**[(10)] (11)** for transfer from criminal proceedings to juvenile proceedings pursuant to 42 Pa.C.S. § 6322 **[.] ; and**
**(12) proposing or opposing the admissibility of scientific or expert evidence.**

The omnibus pretrial motion rule is not intended to limit other types of motions, oral or written, made pretrial or during trial, including those traditionally called motions *in limine*, which may affect the admissibility of evidence or the resolution of other matters.  The earliest feasible submissions and rulings on such motions are encouraged.

***See* Pa.R.E. 702 and 703 regarding the admissibility of scientific or expert testimony.  Pa.R.E 702 codifies Pennsylvania's adherence to the test to determine the admissibility of expert evidence first established in *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923) and adopted by the Pennsylvania Supreme Court in *Commonwealth v. Topa*, 369 A.2d 1277 (Pa. 1977). Given the potential complexity when the admissibility of such evidence is challenged, such challenges should be raised in advance of trial as part of the omnibus pretrial**

**motion if possible.  However, nothing in this rule precludes such challenges from being raised in a motion *in limine* when circumstances necessitate it.**

*See* Rule 556.4 for challenges to the array of an indicting grand jury and for motions to dismiss an information filed after a grand jury indicts a defendant.

NOTE:  Formerly Rule 304, adopted June 30, 1964, effective January 1, 1965; amended and renumbered Rule 306 June 29, 1977 and November 22, 1977, effective as to cases in which the indictment or information is filed on or after January 1, 1978; amended October 21, 1983, effective January 1, 1984; *Comment* revised October 25, 1990, effective January 1, 1991; *Comment* revised August 12, 1993, effective September 1, 1993; renumbered Rule 578 and *Comment* revised March 1, 2000, effective April 1, 2001; *Comment* revised June 21, 2012, effective in 180 days; *Comment* revised July 31, 2012, effective November 1, 2012 **[.] ; *Comment* revised September 21, 2017, effective January 1, 2018.**

\*           \*           \*           \*           \*           \*

*COMMITTEE EXPLANATORY REPORTS:*

*Report explaining the October 25, 1990 Rule 306 Comment revision published at 12 Pa.B. 1696 (March 24, 1990).*

*Report explaining the August 12, 1993 Comment revision published at 22 Pa.B. 3826 (July 25, 1992).*

*Final Report explaining the March 1, 2000 reorganization and renumbering of the rules published with the Court's Order at 30 Pa.B. 1478 (March 18, 2000).*

*Final Report explaining the June 21, 2012 revision of the Comment referencing indicting grand jury rules published with the Court's Order at 42 Pa.B. 4153 (July 7, 2012).*

*__Final__ __Report__ explaining the July 31, 2012 Comment revision adding motions for transfer published with the Court's Order at 42 __Pa.B.__ 5333 (August 18, 2012).*

*__Final Report__ explaining the September 21, 2017 Comment revision regarding pretrial challenges to the admissibility of expert evidence published with the Court's Order at 47 Pa.B.  (_____, 2017).*