YU, J.
¶ 1 To commit an individual as a sexually violent predator (SVP) pursuant to chapter 71.09 RCW, the State must prove beyond a reasonable doubt that the individual "has been convicted of or charged with a crime of sexual violence and [he or she] suffers from a mental abnormality or personality disorder which makes the person likely to engage in predatory acts of sexual violence if not confined in a secure facility." RCW 71.09.020(18). This case concerns the admissibility of expert testimony about whether the subject individual suffers from a mental abnormality.
¶ 2 The trial court held a Frye[1] hearing and excluded expert testimony regarding "hebephilia" on the basis that such a diagnosis is not generally accepted by the relevant scientific community. The parties do not challenge that portion of the court's decision. However, petitioner Mark Black argues that the court committed reversible error by allowing expert testimony on a diagnosis of "paraphilia not otherwise specified (NOS), persistent sexual interest in pubescent aged females, non-exclusive."
¶ 3 The Court of Appeals affirmed Black's civil commitment in an unpublished opinion. In re Det. of Black, No. 71292-6-I, slip op. at 10, 2017 WL 1137114 (Wash. Ct. App. Mar. 27, 2017) (unpublished), http://www.courts.wa.gov/opinions/pdf/712926.pdf, review granted, 189 Wash.2d 1015, 404 P.3d 480 (Wash. Oct. 5, 2017). It concluded that regardless of whether paraphilia NOS was improperly admitted, there was sufficient evidence to find Black had a mental abnormality and a personality disorder based on two other diagnoses that Black did not challenge on appeal. Id. We affirm the Court of Appeals on different grounds and hold that the trial court did not err as a matter of law when it admitted expert testimony on paraphilia NOS, nor did it abuse its discretion when it allowed an expert to describe Black's specific paraphilic focus as "persistent sexual interest in pubescent aged females."
FACTUAL AND PROCEDURAL BACKGROUND
¶ 4 In 2011, the State filed a petition to civilly commit 40-year-old Mark Black as an SVP prior to his scheduled release from prison. In support of its petition, the State included the evaluation of Dr. Dale Arnold, who diagnosed Black with sexual sadism; paraphilia NOS, persistent sexual interest in pubescent aged females, nonexclusive; and *883 personality disorder NOS with antisocial and narcissistic characteristics.
¶ 5 Prior to trial, Black moved to exclude evidence of hebephilia and paraphilia NOS, persistent sexual interest in pubescent aged females, arguing that hebephilia is inadmissible pursuant to Frye. Black was not diagnosed with hebephilia, but he argued that Dr. Arnold's paraphilia NOS diagnosis was just another name for hebephilia and was therefore also inadmissible. According to testimony at the Frye hearing by Black's expert, Dr. Karen Franklin, hebephilia "[i]n general ... has something to do with sexual attraction or sexual activity or both with ... adolescents." Report of Proceedings (RP) (Sept. 13, 2013) at 35. Dr. Franklin testified that "[t]here's nothing abnormal or pathological about a certain level of attraction" between an adult and an adolescent. Id. at 93.
¶ 6 The trial court excluded evidence of hebephilia from being presented at trial because it "is not favored in the relevant scientific community." Id. at 149. However, the trial court allowed expert testimony from Dr. Arnold on the basis that paraphilia NOS is generally accepted in the psychological community and that Dr. Arnold used commonly accepted methodology to diagnose Black.
¶ 7 At trial, the jury was instructed that to determine Black is an SVP it must find that the State proved the following elements beyond a reasonable doubt:
(1) That Mr. Black has been convicted of a crime of sexual violence;
(2) That Mr. Black suffers from a mental abnormality or personality disorder which causes serious difficulty in controlling his sexually violent behavior; and
(3) That this mental abnormality or personality disorder makes Mr. Black likely to engage in predatory acts of sexual violence unless confined to a secure facility.
Clerk's Papers (CP) at 1385. The jury was further instructed that its verdict needed to be unanimous, but that it "need not be unanimous as to whether a mental abnormality or personality disorder has been proven beyond a reasonable doubt so long as each juror finds that at least one of these alternative means has been proved beyond a reasonable doubt." Id.
¶ 8 Dr. Arnold testified that each element was satisfied in Black's case. First, he testified that Black had been convicted of two counts of child molestation in the second degree and one count of attempted child molestation in the second degree, which are all crimes of sexual violence.[2]
¶ 9 Second, Dr. Arnold testified that Black suffers from two mental abnormalities (sexual sadism and paraphilia NOS, persistent sexual attraction to pubescent aged females, nonexclusive) and a personality disorder (personality disorder NOS), each of which independently causes him serious difficulty controlling his sexually violent behavior. Third, Dr. Arnold concluded that in his opinion, Black "is more likely than not to engage in predatory acts of sexual violence if not confined." 5 Verbatim Report of Proceedings (VRP) (Oct. 28, 2013) at 480.
¶ 10 Black presented his own expert witness, Dr. Joseph Plaud, who testified that Black does not suffer from a mental abnormality or personality disorder at this time. Dr. Plaud further testified that the paraphilia NOS diagnosis was inappropriate because "it doesn't represent fundamentally disordered sexual arousal. Men are attracted to pubescence." 9 VRP (Nov. 4, 2013) at 946. When asked whether an adult male's attraction to a pubescent aged female could ever be deviant, he testified that it might be illegal but "it doesn't happen as a result of underlying sexual deviance." Id. at 947.
¶ 11 The jury unanimously determined Black met the criteria for an SVP, and the court ordered his civil commitment.
ISSUE
¶ 12 Whether expert testimony on paraphilia NOS, persistent sexual interest in pubescent *884 aged females was improperly admitted at trial?
ANALYSIS
¶ 13 This case does not ask us to determine whether evidence of hebephilia can be offered as evidence of a mental abnormality in accordance with Frye. The trial court excluded any evidence of hebephilia following a Frye hearing, and the State has not appealed that decision. Instead, we consider whether the trial court improperly admitted expert testimony on paraphilia NOS, persistent sexual interest in pubescent aged females as evidence of Black's mental abnormality.
¶ 14 Our review of the trial court's Frye determination regarding paraphilia NOS is de novo. In re Det. of Halgren, 156 Wash.2d.795, 802-03, 132 P.3d 714 (2006). Our review of the scope of testimony that the trial court actually allowed is for an abuse of discretion. Id. at 802, 132 P.3d 714.
A. Black's paraphilia NOS diagnosis
Paraphilic disorders are characterized by
recurrent, intense sexually arousing fantasies, sexual urges, or behaviors generally involving 1) nonhuman objects, 2) the suffering or humiliation of oneself or one's partner, or 3) children or other nonconsenting persons that occur over a period of at least 6 months ... [and] cause clinically significant distress or impairment in social, occupational, or other important areas of functioning.
AM. PSYCHIATRIC ASS'N, DIAGNOSTIC AND STATISTICAL MANUAL OF MENTAL DISORDERS : DSM-IV-TR 566 (4th rev. ed. 2000). Both the former DSM-IV-TR and the current American Psychiatric Association, Diagnostic and Statistical Manual of Mental Disorders (5th ed. 2013) (DSM-5) emphasize that paraphilic sexual urges are not considered a disorder unless they are also persistent over an extended period of time and cause significant distress or impairment. DSM-IV-TR at 568; DSM-5 at 686.[3]
¶ 15 While certain paraphilic disorders, such as voyeurism and fetishism, are specifically enumerated, others, such as necrophilia and zoophilia, are not. Paraphilia NOS is a diagnosis reserved for those individuals whose paraphilic focus does not fall within the descriptions of any of the eight enumerated paraphilias. It is followed by a description of the individual's paraphilia, which, as defined in the DSM-5, is "any intense and persistent sexual interest other than sexual interest in genital stimulation or preparatory fondling with phenotypically normal, physically mature, consenting human partners." DSM-5 at 685. The DSM-5 also allows for a diagnosis of unspecified paraphilic disorder, where the clinician cannot or does not wish to specifically identify the individual's paraphilic focus. Id. at 705.
¶ 16 Dr. Arnold diagnosed Black with paraphilia NOS and described his paraphilic focus as pubescent aged females. He reached this conclusion after reviewing approximately 4,000 pages of records, administering a psychological test to Black, and interviewing him in 2008 and 2011. He described in his evaluation that Black "enjoyed 'grooming' young girls because he found the attention from them exciting." CP at 407. He was sexually aroused by their budding breasts and also emotionally attracted to them because they were easy to manipulate.
¶ 17 What makes Black's interest rise to the level of paraphilic disorder, thus evincing a mental abnormality, is not specifically his sexual focus on pubescent girls, but that he has demonstrated an inability to control his behavior to such an extent that he has committed repeated sexual offenses against multiple children who were legally incapable of giving consent. As Dr. Arnold concluded in his evaluation, "despite prior sanctions for virtually identical grooming and sexually exploitive behavior, [Black] was unable to resist the opportunity to reoffend." Id. at 426.
B. Paraphilia NOS is generally accepted within the psychological community
¶ 18 As a threshold matter of law, the trial court correctly ruled that paraphilia NOS is generally accepted as a diagnosis. It *885 is recognized in recent editions of the DSM, which is "a standard reference for clinical practice in the mental health field." DSM-5 at xli. Paraphilia NOS has also been a basis for numerous SVP determinations, and this case does not present any reason to question that precedent. See, e.g., In re Det. of Stout, 159 Wash.2d 357, 363, 150 P.3d 86 (2007) (paraphilia NOS, nonconsent); Halgren, 156 Wash.2d at 800, 132 P.3d 714 (paraphilia NOS, nonconsent); In re Det. of Coe, 175 Wash.2d 482, 489, 286 P.3d 29 (2012) (Paraphilia NOS, urophilia, and coprophilia).
¶ 19 Indeed, Black conceded in his briefing that he was not "seek[ing] to challenge ... generally" the diagnosis of paraphilia NOS, only the specific diagnosis of paraphilia NOS, persistent sexual interest in pubescent aged females. CP at 344; Pet'r's Suppl. Br. at 15. He contends that because sexual interest in pubescent females is not abnormal, it cannot be the basis of a paraphilic disorder evincing a mental abnormality.
¶ 20 The presence of a paraphilic disorder, however, does not turn on whether an individual's sexual focus is abnormal, but on the consequences of that individual's paraphilia in his or her specific circumstances. DSM-5 at 685-86. The DSM makes clear that the eight enumerated paraphilias are a nonexhaustive list because "almost any [paraphilia ] could, by virtue of its negative consequences for the individual or for others, rise to the level of a paraphilic disorder."[4] Id. at 685. Therefore, if a person meets the clinical definition of paraphilia, the question of whether he or she has a paraphilic disorder evincing a mental abnormality depends entirely on the consequences of his or her paraphilic preferences.
¶ 21 Black meets the clinical definition of having a paraphilia because persistent sexual interest in pubescent girls is properly specified as a distinct paraphilia in appropriate cases. The DSM defines three broad categories of paraphilic foci, one of which is "children or other nonconsenting persons." DSM-IV-TR at 566. The term "children" is not defined, but it is not limited to prepubescent children (as pedophilia is), and it is undisputed that the child victims of Black's sexual violence were incapable of consenting as a matter of law.
¶ 22 While it may be true that an adult's attraction to adolescents is not necessarily a "mental abnormality" in itself, Black's persistent sexual attraction to pubescent aged females, generally ages 11 to 14, is disordered and evidence of a mental abnormality because of its negative consequences. As a result of his paraphilic focus, he has committed multiple acts of criminal sexual violence against children, served time in prison for those crimes, been ostracized from his family, and ruined other relationships. Accordingly, the trial court did not err as a matter of law when it admitted evidence of paraphilia NOS in this case.
C. The trial court did not abuse its discretion when it permitted expert testimony on the specific nature of Black's paraphilia
¶ 23 Although Black does not challenge the diagnosis of paraphilia NOS generally, he does argue that the trial court erred by allowing Dr. Arnold to testify about the particular paraphilia NOS diagnosis in this case. We review the trial court's decision about the permissible scope of Dr. Arnold's expert testimony for abuse of discretion. Halgren, 156 Wash.2d at 802, 132 P.3d 714. "A trial court abuses its discretion if the 'exercise of its discretion is manifestly unreasonable or based upon untenable grounds or reasons.' " In re Det. of Post, 170 Wash.2d 302, 309, 241 P.3d 1234 (2010) (quoting State v. Powell, 126 Wash.2d 244, 258, 893 P.2d 615 (1995) ).
¶ 24 Black argues that the trial court correctly determined hebephilia is not admissible pursuant to Frye, but erred when it *886 nevertheless allowed testimony on the paraphilia NOS diagnosis because, Black reasons, the two diagnoses are synonymous. Black's argument does not account for the purpose of a Frye determination, and it ignores the very real differences between a potential paraphilic category of hebephilia and the specific paraphilia NOS diagnosis in this case.
¶ 25 The purpose of a Frye hearing is not to verify the accuracy of each discrete conclusion that an expert reaches but to determine whether the expert reached those conclusions by properly applying accepted "underlying principles " to the information presented. State v. Copeland, 130 Wash.2d 244, 255, 922 P.2d 1304 (1996) (emphasis added). There is no question that the psychological community generally accepts the reliability of the underlying principle that paraphilia NOS is a valid diagnosis, which may include specifiers indicating the individual's paraphilic focus where appropriate. That was the only question regarding Dr. Arnold's testimony on paraphilia NOS that needed to be answered in a Frye hearing, and the trial court correctly determined that the paraphilia NOS testimony offered by Dr. Arnold was admissible in accordance with Frye.
¶ 26 But even if a Frye hearing were intended to determine the validity of an individual expert's particular conclusions, Black overlooks the important differences between hebephilia and paraphilia NOS, persistent sexual attraction to pubescent aged females. Hebephilia is a generally unaccepted diagnosis that is broadly defined as paraphilic attraction to adolescents up to ages 16 or 17. RP (Sept. 13, 2013) at 75; CP at 1418. This expansive definition encompasses behavior that may be legal in many states.[5] Meanwhile, paraphilia NOS as diagnosed in this case describes a very small subset of the adolescent population covered by a diagnosis of hebephilia.[6] These pubescent aged females could not consent to sexual activity with Black as a matter of law, but Black nevertheless repeatedly pursued them as sexual targets.
¶ 27 Finally, Black claims that the trial court unfairly restricted his ability to challenge the paraphilia NOS diagnosis by preventing him from introducing evidence of hebephilia. This assertion is contradicted by statements made at the Frye hearing and trial testimony. At the Frye hearing, Black's counsel confirmed that the judge's decision did not "in any way limit my ability to cross-examine [Dr. Arnold], including about the issues that were raised today." RP (Sept. 13, 2013) at 161. The judge agreed.
¶ 28 Black challenged Dr. Arnold's diagnosis during a half day of cross-examination. Dr. Arnold conceded that there is professional debate about whether attraction to pubescent aged females is a clinical disorder, and he admitted that sexual attraction to pubescent aged females "most often" is not a paraphilia. 6 VRP (Oct. 29, 2013) at 514, 520. He also acknowledged that there was no research on his paraphilic specifier "persistent sexual interest in pubescent females." Id. at 521.
¶ 29 Black's expert also undermined Dr. Arnold's diagnosis. He rebutted the basic principle of the diagnosis by testifying that attraction to pubescence can never be the basis of a sexual deviancy. 9 VRP (Nov. 4, 2013) at 945-47. He said he had never heard of Dr. Arnold's paraphilic specifier, and he testified at length about why it was inappropriate in general and in Black's case specifically. Id. at 944-47. Therefore, the record reflects that Black disputed Dr. Arnold's testimony through rigorous cross-examination and the presentation of his own expert witness.
¶ 30 In sum, we hold that the trial court did not abuse its discretion in admitting expert *887 testimony on paraphilia NOS, persistent sexual interesting in pubescent aged females for purposes of Black's SVP determination.
CONCLUSION
¶ 31 The trial court did not commit reversible error when it admitted expert testimony on paraphilia NOS, persistent sexual interest in pubescent aged females as evidence of Black's mental abnormality. There is nothing normal about an adult man's inability to control his sexual urges with pubescent aged females. We affirm.
WE CONCUR:
Fairhurst, C.J.
Johnson, J.
Owens, J.
Gonzàlez, J.

Frye v. United States, 54 App.D.C. 46, 293 F. 1013 (1923).

The jury heard testimony about these incidents. Black's former stepdaughter testified that he had sexual intercourse with her when she was 13. 4 Verbatim Report of Proceedings (VRP) (Oct. 24, 2013) at 220-22. The friend of a former girlfriend's daughter testified that when she was 12, he fondled her breasts and rubbed his crotch against hers. 8 VRP (Oct. 31, 2013) at 859-60.

Although Dr. Arnold diagnosed Black in accordance with the DSM-IV-TR, he testified at trial that his three diagnoses would be unchanged using the DSM-5. 5 VRP (Oct. 28, 2013) at 384.

We also note that we have never required that a specific diagnosis be in the DSM before it can be offered as evidence of an individual's mental abnormality. In re Pers. Restraint of Young, 122 Wash.2d 1, 857 P.2d 989 (1993). For example, in Young, we noted that " '[t]he fact that pathologically driven rape ... is not yet listed in the [DSM] ... does not invalidate such a diagnosis.' " Id. at 28, 857 P.2d 989 (quoting Alexander D. Brooks, The Constitutionality and Morality of Civilly Committing Violent Sexual Predators, 15 U. Puget Sound L. Rev. 709, 733 (1992) ).

We do not opine on whether the legality of the behavior plays a role in determining what constitutes a mental abnormality.

At oral argument, the State distinguished between hebephilia and paraphilia NOS by explaining, "If you want to think of it in terms of a Venn diagram, you would have hebephilia as a very large circle with what Dr. Arnold is talking about as a very small circle somewhere within that circle at the very bottom edge of what constitutes pubescence." Wash. Supreme Court oral argument, I n re Det. of Black, No. 94494-6 (Jan. 11, 2018), at 27 min., 10 sec., video recording by TVW, Washington State's Public Affairs Network, http://www.tvw.org.