LABARGA, J., concurring.
I fully concur with the majority opinion, but write separately to express why jurisdiction is proper in this case on the basis of express and direct conflict. In the decision below, the Fourth District Court of Appeal evaluated the admissibility of the experts' testimony under Daubert v. Merrell Dow Pharmaceuticals, Inc. , 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). However, as noted by the majority, this Court has repeatedly stated that *1236 Frye v. United States , 293 F. 1013 (D.C. Cir. 1923), is the applicable standard for admissibility of expert testimony in Florida. For example, in Marsh v. Valyou , 977 So.2d 543 (Fla. 2007), we explained:
Despite the Supreme Court's decision in Daubert , we have since repeatedly reaffirmed our adherence to the Frye standard for admissibility of evidence. See, e.g. , Ibar v. State , 938 So.2d 451, 467 (Fla. 2006) ("Florida courts do not follow Daubert , but instead follow the test set out in Frye ."), cert. denied , 549 U.S. 1208, 127 S.Ct. 1326, 167 L.Ed.2d 79 (2007) ; Brim v. State , 695 So.2d 268, 271-72 (Fla. 1997) ("Despite the federal adoption of a more lenient standard in [ Daubert ], we have maintained the higher standard of reliability as dictated by Frye ."); Hadden v. State , 690 So.2d 573, 578 (Fla. 1997) ("Our specific adoption of that test after the enactment of the evidence code manifests our intent to use the Frye test as the proper standard for admitting novel scientific evidence in Florida, even though the Frye test is not set forth in the evidence code."); Flanagan v. State , 625 So.2d 827, 829 n.2 (Fla. 1993) ("We are mindful that the United States Supreme Court recently construed Rule 702 of the Federal Rules of Evidence as superseding the Frye test. However, Florida continues to adhere to the Frye test for admissibility of scientific opinions.").
Id. at 547 (alteration in original).
Thus, the decision in DeLisle , which applied the Daubert standard, conflicts with earlier decisions by this Court that conclude Frye is the appropriate test. Although the Legislature amended the Evidence Code in 2013, this Court has never held that Daubert is the appropriate standard for admission of expert testimony in Florida. In fact, in 2017-after the issuance of DeLisle -we expressly declined to adopt the amendments to the Evidence Code implementing Daubert to the extent they were procedural due to "grave constitutional concerns." In re Amendments to Fla. Evidence Code , 210 So.3d 1231, 1239 (Fla. 2017). Accordingly, despite the change in the Evidence Code, conflict between DeLisle and Marsh , Ibar , and other decisions articulating Frye as the applicable standard in Florida remains, and resolution as to which standard applies is critical to resolve uncertainty in Florida law. For this reason, we absolutely possess jurisdiction to address and determine whether the lower court properly applied Daubert .
PARIENTE, J., concurs.