John Joseph KUNCO, Appellant,

v.

ATTORNEY GENERAL OF THE COMMONWEALTH OF PENNSYLVANIA; Warden Johnson; D.A. Wayne Goneaware.

No. 02–1101.

United States Court of Appeals,
Third Circuit.

Argued on Oct. 21, 2003.

Decided Dec. 29, 2003.

Mark Diamond (Argued), New York, New York, for Appellant.

James R. Hopson (Argued), Assistant District Attorney, Office of the District Attorney, Westmoreland County, Pennsylvania, Greensburg, PA, for Appellee.

Before ALITO, FUENTES, and ROSENN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

John Joseph Kunco appeals an order of the U.S. District Court for the Western District of Pennsylvania denying his petition for writ of habeas corpus. For the reasons given below, we affirm the order of the District Court.

A certificate of appealability was granted for the limited purpose of addressing Kunco's argument that after-discovered evidence proves that his due process rights were violated when the trial court admitted expert testimony regarding an inculpatory bite mark photograph obtained by way of a "controversial" photographic technique employing ultraviolet (UV) light.[1] The pertinent after-discovered evi-

---

1. We have not been asked to assess, nor do we express an opinion regarding the fundamental fairness of the general use of bite mark evidence for identification purposes.

We also note that the government has conceded in its brief that "the issue of the bite mark has been raised before all State courts and is not barred by exhaustion or procedural

dence essentially consists of testimony by forensic dental expert Dr. Gregory Golden that the UV technique was unreliable, as well as a series of articles suggesting that Dr. Michael West (a forensic odontologist who has made frequent use of the UV photographic technique and has some associations with the expert witnesses tendered by the prosecution at trial) has been denounced as unethical and incredible, that he has on occasion misrepresented evidence and data, and that his UV technology is not "founded on scientific principles." App. 40–41.

The parties' arguments regarding the propriety of the admission of the bite mark evidence in light of the alleged "debunking" of the UV photographic technique center around the application of standards of admissibility for scientific evidence in state court, such as the "general acceptance in the scientific community" test set forth in *Frye v. United States*, 293 F. 1013 (D.C.Cir.1923). However, to succeed on his due process claim, Kunco must do much more than simply show that the UV photograph evidence was inadmissible under state law. The Supreme Court has long made clear that the federal courts are not to "treat a mere error of state law, if one occurred, as a denial of due process." *Gryger v. Burke*, 334 U.S. 728, 731, 68 S.Ct. 1256, 92 L.Ed. 1683 (1948). Otherwise, the Court notes, "every erroneous decision by a state court on state law would come here as a federal constitutional question." *Id.*

In order to make out a due process claim in the context of the present case, Kunco must show that admission of the

UV photograph evidence "undermine[d] the fundamental fairness of the entire trial." *Keller v. Larkins*, 251 F.3d 408, 413 (3rd Cir.2001). A claim under the "fundamental fairness" standard may arise when "the probative value of ... evidence, though relevant, is greatly outweighed by the prejudice to the accused from its admission." *Bisaccia v. Attorney Gen.*, 623 F.2d 307, 313 (3rd Cir.1980). The most compelling argument Kunco puts forth along these lines is that the "probative value of the state's bite mark evidence was ... greatly outweighed by its prejudice to the appellant, because of its *unreliability.*" Appellant Br. at 40 (emphasis added). Kunco appears to be suggesting that Golden's testimony and the after-discovered evidence regarding West proves that the UV evidence admitted at trial was so unreliable that he was deprived of his right to a fundamentally fair trial.

Kunco's argument fails. Golden's testimony was adequately rebutted by testimony of forensic dentist Dr. Robert Barsley, whose qualifications and credibility were never seriously challenged by Kunco, and who persuasively supported the reliability of the UV technique. Furthermore, whatever ethical troubles West may have had in connection with other research projects or unrelated court cases,[2] there is no question that in this case, the bite mark revealed by the UV photograph closely matched with the bite mark recorded by the earlier photograph. As one expert witness testified: "[T]here was complete consistency between the two sets of marks." Reproduced Record at 902. The fact that the UV technique could reproduce the marks

---

default." Appellee Br. at 9. Since exhaustion is not a jurisdictional requirement, *see Evans v. Court of Common Pleas*, 959 F.2d 1227, 1231 (3rd Cir.1992), we may affirm on the merits without deciding the issue. 28 U.S.C. § 2254(b)(2).

2. Kunco presents no evidence that West himself was involved in the procuring of the UV evidence presented by the prosecution. Nor does he argue that West has any other connection with this case.

visible in the earlier bite mark photograph suggests that, in contrast with Kunco's assertions, the technique was reliable.

Indeed, at oral argument, counsel for Kunco all but admitted that the image rendered through the use of the UV technique actually revealed a bite mark. Surely if the UV technique were as unreliable as Kunco claims, one would expect that technique to turn up gibberish, or nothing at all—but not *another* bite mark. Kunco offers no alternate explanation for the presence in the UV photograph of what appears to be a bite mark in the same location as the mark depicted in the original photograph. Accordingly, we conclude that Kunco has failed to offer any evidence that would lead this court to believe that the UV photography was so unreliable that it undermined the fundamental fairness of his trial.[3]

Finally, even assuming, for the sake of argument, that the after-discovered evidence called into question the reliability of the UV technique, the fact remains that the use of the hem measurement in the original photograph yielded an independent proof of Kunco's connection to the bite mark found on the victim's shoulder. In that sense, the UV photograph evidence was almost duplicative, and was of little significance.[4] *See Williamson v. Ward,* 110 F.3d 1508, 1522–23 (10th Cir.1997) ("fundamental fairness" assessment re-

quires "examining both the reliability of the evidence and the significance it had at trial").

Kunco presents no other arguments explaining how the after-discovered evidence proves that his trial was fundamentally unfair. Because that evidence does not demonstrate that the admission in this case of the UV photograph or the related expert testimony violated Kunco's due process rights, we affirm the judgment of the District Court.

---

3. It does not matter if, as Kunco claims, the experts for the prosecution disagreed in their explanations of how the UV technique works. A difference in opinion regarding the precise mechanics or operation of the technique no more affects our assessment of its reliability than would a scientific dispute over whether the UV light rays used in the technique more closely resembled waves or particles.

4. Kunco points to a article published by the experts for the prosecution in which they claimed that without the UV evidence, "it is unlikely that there would have been sufficient evidence to support a conviction" in Kunco's

case. *See* Appellant Br. at 39. This self-congratulatory comment published in a scientific journal is scant proof that the existence of the UV evidence was actually outcome-determinative in this case. The other material Kunco cites in an effort to demonstrate the significance of the UV photograph evidence at trial, *see id.* at 38–40, merely shows the weight given to bite mark evidence generally. Again, it is undisputed that the government would have had *some* persuasive bite mark evidence here even in the absence of the UV photograph.