LAWSON, J.,
dissenting.
Jennifer Dragovich, as next friend of Taylor Dragovich, a minor, timely appeals the order granting Suram Trading Corporation, Inc.’s, (“Suram”), and Magical Cruise Company, LTD., d/b/a Disney Cruise Lines’s, (“Disney”), motions to exclude the testimony of Paul Summers, M.D., regarding the issue of medical causation, and the subsequent final order granting summary judgment in favor of Suram and Disney.
Dragovich alleges that Suram supplied Disney with shrimp contaminated with three strains of non-typhoid salmonella and two strains of E. coli bacteria that Disney served to her during an embarkation luncheon aboard one of its cruise ships sailing from Port Canaveral. According to the complaint, Jennifer Dragovich contracted gastroenteritis from the contaminated shrimp, which resulted in an infection of the placenta, a placental abruption, and the pre-term delivery of Taylor (with consequent medical complications).
I agree with the majority’s conclusion that the testimony of Dr. Summers was properly excluded under the Frye[1] test. If Dr. Summers had presented the only causation theory in opposition to Suram and Disney’s respective motions for summary judgment, I would also agree that summary judgment had been properly granted. However, Dragovich also opposed summary judgment by filing an affidavit from Enid GilberU-Barness, M.D., that presented an alternative theory of causation which created a genuine issue of material fact for trial.
In her affidavit, timely filed in opposition to the summary judgment motions, Dr. Gilberh-Barness opined that within a reasonable degree of medical certainty: (1) Jennifer Dragovich developed severe cho-rioamnionitis (an infection of the placenta) as a result of the diarrhea she experienced on board Disney’s cruise ship; (2) the diarrhea and resulting chorioamnionitis were caused by the bacterial pathogens in the shrimp supplied by Suram and served by Disney; (3) the chorioamnionitis caused a placental abruption to occur; and (4) this abruption caused the pre-term delivery of Taylor Dragovich.
*1142 Although Dragovich presented and ar-. gued this theory of causation as completely independent of the previously-rejected opinion of Dr. Summers, Suram and Disney were successful in convincing the trial court that a logical link between the two opinions required rejection of both. In short, Dr. Summers had opined that the body’s immune reaction to the localized colon infection somehow caused Jennifer Dragovich to begin pre-term contractions. These contractions would have caused the opening of her cervix. Dr. Gilbert-Barness agrees that Jennifer Dragovich’s cervix had to have been open before pathogens being expelled from her body in diarrhea could have infected the placenta.
Because the trial court rejected Dr. Summers’ opinion as to why the cervix might have been open (thereby allowing the pathogens from the shrimp access to the placenta), it also concluded that Dr. Gilbert-Barness’ opinion must be rejected as well. I disagree. “It is elementary that a tortfeasor takes an injured party as he finds him.” Fassoulas v. Ramey, 450 So.2d 822, 829 (Fla.1984) (Ehrlich, J., dissenting). Therefore, the law does not require Dragavich to prove why her pregnant body was vulnerable to an infection of the placenta anymore than it would require a victim with brittle bones to establish why she had this condition before recovering in tort from someone who negligently struck her causing bone fractures that would not have been sustained by a “normal,” healthy person.
Therefore, I would reverse the order granting summary judgment on the issue of causation, and remand for further proceedings.

. Frye v. United States, 293 F. 1013 (D.C.Cir.1923).