SALCINES, Judge.
Tony Knighten a/k/a Toney Knighten appeals the postconviction court’s denial of his motion to terminate public defender and appoint private counsel and his motion to compel further DNA testing. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.140(b)(1)(D). Because the postconviction court failed to follow our mandate in Knighten v. State, 829 So.2d 249 (Fla. 2d DCA 2002) (Knight-en I), we reverse and remand for further proceedings.
In Knighten I, Knighten appealed the summary denial of his motion for postcon-viction DNA testing, which was filed pursuant to Florida Rule of Criminal Procedure 3.853. The postconviction court had held that Knighten’s motion was facially insufficient. On appeal, this court determined .that his motion sufficiently complied with the pleading requirements of rule 3.853(b), and we remanded for DNA testing. Id. at 250. On remand, the postcon-viction court entered an order granting DNA testing. The Florida Department of Law Enforcement (FDLE) reported that “[t]wo hairs (Exhibit 6A and 6B) removed from Exhibit 6 are not suitable for STR DNA analysis” and that “[n]o serological examinations were performed on Exhibit 7.”
Thereafter, Knighten filed a motion to compel, the denial of which is the subject of this appeal. Knighten argues that the postconviction court, on remand, failed to follow this court’s mandate in Knighten I because no DNA testing was performed. He argues that the FDLE report that the hairs are not suitable for an STR DNA test does not mean that the hairs would not be suitable for other types of DNA tests, such as mitochondrial DNA (mtDNA) testing.
The postconviction court, on remand, treated the motion as a successive motion for postconviction DNA testing filed pursuant to rule 3.853 and denied it. The postconviction court found that Knighten’s motion was facially insufficient under rule 3.853. Then, relying on King v. State, 808 So.2d 1237, 1249 (Fla.2002), it determined that there is no statute or rule requiring additional DNA testing.
The postconviction court erred in denying Knighten’s motion as an insufficiently pleaded rule 3.853 motion. Knighten’s original rule 3.853 motion was determined facially sufficient in Knighten I, 829 So.2d at 252. Knighten did not need to reassert the required contents of rule 3.853 in order to compel the postconviction court to order DNA testing pursuant to our mandate in Knighten I.
Further, the postconviction court, on remand, misapplied King, a death-penalty case involving a request for first-time DNA testing of a hair fragment and three hairs found in a pubic hair combing and for retesting of fingernail scrapings. See King, 808 So.2d at 1246-47. The supreme court in King affirmed the postconviction court’s denial of relief as to the hair fragment and the pubic hair combings because there was not a reasonable probability that DNA testing would lead to acquittal or a *241 lesser sentence. Id. at 1247-48. In Knighten I, this court held “that a claim is facially sufficient with regard to the exoneration issue if the alleged facts demonstrate that there is a reasonable probability that the defendant would have been acquitted if the DNA evidence had been admitted at trial” and concluded that Knighten had pleaded a facially sufficient claim for relief under rule 3.853. See Knighten I, 829 So.2d at 252. Thus, unlike the situation in King, the facts in Knight-en’s case satisfied the reasonable probability test.
Additionally, the supreme court in King also affirmed the postconviction denial of relief as to the retesting of the fingernail scrapings, a denial which had been based on the postconviction court’s finding that STR DNA testing, which had already been performed, was the only testing method of fingernail scrapings. King, 808 So.2d at 1248. King had challenged the accuracy of the test performed. The supreme court ruled that “[t]here is no provision in the statute or the rule for re-testing once testing has been done by FDLE.” Id. (emphasis supplied). Knighten has not challenged the accuracy of the test but rather complains that no DNA testing was actually performed.
Technically, the FDLE laboratory has yet to actually test the DNA in this case since it only attempted STR DNA testing, for which the hairs were not suitable. Neither the FDLE nor the postconviction court made any attempts to determine whether the two pubic hairs were unsuitable for all forms of DNA testing available. Although rule 3.853 and section 925.11, Florida Statutes (2004), do not delineate which form of DNA testing should be performed, this does not mean that the post-conviction court is only limited to STR DNA testing, particularly when there are other means of DNA testing that have been judicially accepted. See Magaletti v. State, 847 So.2d 523 (Fla. 2d DCA 2003) (ruling that the use of mtDNA testing to prove identity meets the test in Frye v. United States, 293 F. 1013 (D.C.Cir.1923)). In fact, it is reasonable to conclude that if another, more suitable test could exonerate Knighten, the more suitable test should be performed.
On remand, the postconviction court should conduct a hearing to determine whether the pubic hairs are suitable for other accepted forms of DNA testing. Because the postconviction court based its denial of Knighten’s motion to terminate public defender and appoint private counsel on the denial of his motion to compel, the postconviction court should also consider the merits of his motion on remand.
Reversed and remanded.
NORTHCUTT and DAVIS, JJ., Concur.