**[J-92A-E-2019] [MO:Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | |
|---|---|
| RICHARD THOMAS WALSH, EXECUTOR OF THE ESTATE OF THOMAS J. WALSH, DECEASED | : No. 14 WAP 2019 |
| | : |
| | : Appeal from the Order of the |
| | : Superior Court entered June 20, |
| | : 2018 at No. 1661 WDA 2016 |
| v. | : vacating the Order of the Court of |
| | : Common Pleas of Allegheny County |
| | : entered October 14, 2016 at No. GD |
| BASF CORPORATION; BAYER | : 10-018588, and remanding. |
| CORPORATION D/B/A BAYER | : |
| CROPSCIENCE, L.P., AND BAYER | : ARGUED: October 16, 2019 |
| CROPSCIENCE HOLDING, INC., AND/OR | : |
| BAYER CROPSCIENCE, L.P. AND BAYER | : |
| CROPSCIENCE HOLDING, INC., IN THEIR | : |
| OWN RIGHT; BIOSAFE SYSTEMS, L.L.C.; | : |
| CHEMTURA CORPORATION; CLEARY | : |
| CHEMICAL CORP.; DOW | : |
| AGROSCIENCES, L.L.C.; E.H. GRIFFITH, | : |
| INC.; E.I. DU PONT DE NEMOURS AND | : |
| CO., INC.; G.B. BIOSCIENCES | : |
| CORPORATION; JOHN DEERE | : |
| LANDSCAPING, INC., SUCCESSOR TO | : |
| LESCO, INC.; MONSANTO COMPANY; | : |
| NUFARM AMERICAS, INC.; REGAL | : |
| CHEMICAL CO.; SCOTTS-SIERRA CROP | : |
| PROTECTION CO.; AND SYNGENTA | : |
| CROP PROTECTION, INC. | : |
| | : |
| | : |
| APPEAL OF: DOW AGROSCIENCES, LLC, | : |
| BAYER CROPSCIENCE, LP, BAYER | : |
| CORPORATION, AND BAYER | : |
| CROPSCIENCE HOLDING, INC. | : |
| | |
| RICHARD THOMAS WALSH, EXECUTOR OF THE ESTATE OF THOMAS J. WALSH, DECEASED | : No. 15 WAP 2019 |
| | : |
| | : Appeal from the Order of the |
| | : Superior Court entered June 20, |
| | : 2018 at No. 1661 WDA 2016, |
| v. | : vacating the Order of the Court of |
| | : Common Pleas of Allegheny County |

BASF CORPORATION; BAYER CORPORATION D/B/A BAYER CROPSCIENCE, L.P., AND BAYER CROPSCIENCE HOLDING, INC., AND/OR BAYER CROPSCIENCE, L.P. AND BAYER CROPSCIENCE HOLDING, INC., IN THEIR OWN RIGHT; BIOSAFE SYSTEMS, L.L.C.; CHEMTURA CORPORATION; CLEARY CHEMICAL CORP.; DOW AGROSCIENCES, L.L.C.; E.H. GRIFFITH, INC.; E.I. DU PONT DE NEMOURS AND CO., INC.; G.B. BIOSCIENCES CORPORATION; JOHN DEERE LANDSCAPING, INC., SUCCESSOR TO LESCO, INC.; MONSANTO COMPANY; NUFARM AMERICAS, INC.; REGAL CHEMICAL CO.; SCOTTS-SIERRA CROP PROTECTION CO.; AND SYNGENTA CROP PROTECTION, INC.

APPEAL OF: DEERE & COMPANY

: entered October 14, 2016 at No. GD 10-018588, and remanding.
:
: ARGUED: October 16, 2019

RICHARD THOMAS WALSH, EXECUTOR OF THE ESTATE OF THOMAS J. WALSH, DECEASED

v.

BASF CORPORATION; BAYER CORPORATION D/B/A BAYER CROPSCIENCE, L.P., AND BAYER CROPSCIENCE HOLDING, INC., AND/OR BAYER CROPSCIENCE, L.P. AND BAYER CROPSCIENCE HOLDING, INC., IN THEIR OWN RIGHT; BIOSAFE SYSTEMS, L.L.C.; CHEMTURA CORPORATION; CLEARY CHEMICAL CORP.; DOW AGROSCIENCES, L.L.C.; E.H. GRIFFITH, INC.; E.I. DU PONT DE NEMOURS AND CO., INC.; G.B. BIOSCIENCES CORPORATION; JOHN DEERE LANDSCAPING, INC., SUCCESSOR TO

: No. 16 WAP 2019
:
: Appeal from the Order of the Superior Court entered June 20, 2018 at No. 1661 WDA 2016, vacating the Order of the Court of Common Pleas of Allegheny County entered October 14, 2016 at No. GD 10-018588, and remanding.
:
: ARGUED: October 16, 2019

LESCO, INC.; MONSANTO COMPANY; :
NUFARM AMERICAS, INC.; REGAL :
CHEMICAL CO.; SCOTTS-SIERRA CROP :
PROTECTION CO.; AND SYNGENTA :
CROP PROTECTION, INC. :
:
:
APPEAL OF: SYNGENTA CROP :
PROTECTION, INC. :

RICHARD THOMAS WALSH, EXECUTOR : No. 17 WAP 2019
OF THE ESTATE OF THOMAS J. WALSH, :
DECEASED :
: Appeal from the Order of the
: Superior Court entered June 20,
: 2018 at No. 1661 WDA 2016,
v. : vacating the Order of the Court of
: Common Pleas of Allegheny County
: entered October 14, 2016 at No. GD
BASF CORPORATION; BAYER : 10-018588, and remanding.
CORPORATION D/B/A BAYER :
CROPSCIENCE, L.P., AND BAYER : ARGUED: October 16, 2019
CROPSCIENCE HOLDING, INC., AND/OR :
BAYER CROPSCIENCE, L.P. AND BAYER :
CROPSCIENCE HOLDING, INC., IN THEIR :
OWN RIGHT; BIOSAFE SYSTEMS, L.L.C.; :
CHEMTURA CORPORATION; CLEARY :
CHEMICAL CORP.; DOW :
AGROSCIENCES, L.L.C.; E.H. GRIFFITH, :
INC.; E.I. DU PONT DE NEMOURS AND :
CO., INC.; G.B. BIOSCIENCES :
CORPORATION; JOHN DEERE :
LANDSCAPING, INC., SUCCESSOR TO :
LESCO, INC.; MONSANTO COMPANY; :
NUFARM AMERICAS, INC.; REGAL :
CHEMICAL CO.; SCOTTS-SIERRA CROP :
PROTECTION CO.; AND SYNGENTA :
CROP PROTECTION, INC. :
:
:
:
APPEAL OF: MONSANTO COMPANY :

RICHARD THOMAS WALSH, EXECUTOR : No. 18 WAP 2019
OF THE ESTATE OF THOMAS J. WALSH, :
DECEASED :
: Appeal from the Order of the
: Superior Court entered June 20,
: 2018 at No. 1661 WDA 2016,

|                                                      |   |                                         |
|------------------------------------------------------|---|-----------------------------------------|
| v.                                                   | : | vacating the Order of the Court of      |
|                                                      | : | Common Pleas of Allegheny County        |
|                                                      | : | entered October 14, 2016 at No. GD      |
| BASF CORPORATION; BAYER                              | : | 10-018588, and remanding.               |
| CORPORATION D/B/A BAYER                              | : |                                         |
| CROPSCIENCE, L.P., AND BAYER                         | : | ARGUED:  October 16, 2019               |
| CROPSCIENCE HOLDING, INC., AND/OR                    | : |                                         |
| BAYER CROPSCIENCE, L.P. AND BAYER                    | : |                                         |
| CROPSCIENCE HOLDING, INC., IN THEIR                  | : |                                         |
| OWN RIGHT; BIOSAFE SYSTEMS, L.L.C.;                  | : |                                         |
| CHEMTURA CORPORATION; CLEARY                         | : |                                         |
| CHEMICAL CORP.; DOW                                  | : |                                         |
| AGROSCIENCES, L.L.C.; E.H. GRIFFITH,                 | : |                                         |
| INC.; E.I. DU PONT DE NEMOURS AND                    | : |                                         |
| CO., INC.; G.B. BIOSCIENCES                          | : |                                         |
| CORPORATION; JOHN DEERE                              | : |                                         |
| LANDSCAPING, INC., SUCCESSOR TO                      | : |                                         |
| LESCO, INC.; MONSANTO COMPANY;                       | : |                                         |
| NUFARM AMERICAS, INC.; REGAL                         | : |                                         |
| CHEMICAL CO.; SCOTTS-SIERRA CROP                     | : |                                         |
| PROTECTION CO.; AND SYNGENTA                         | : |                                         |
| CROP PROTECTION, INC.                                | : |                                         |
|                                                      | : |                                         |
|                                                      | : |                                         |
| APPEAL OF: BASF CORPORATION                          | : |                                         |

**CONCURRING AND DISSENTING OPINION**

**JUSTICE BAER**                                    **DECIDED:  JULY 21, 2020**

I join the majority opinion as to Issues One and Three, subject to the clarifications set forth below.  I likewise agree with the majority's mandate, remanding the case to the trial court to afford Appellants the opportunity to reassert their challenges to Appellee's expert scientific evidence pursuant to *Frye v. United States*, 293 F. 1013 (D.C. Cir. 1923). I respectfully dissent, however, from Issue Two, as I agree that Appellee's experts engaged in improper extrapolation for the reasons ably set forth by the Chief Justice in his dissenting opinion.

While I join the majority as to Issue One, I write separately to express my view that this case involves closer questions as to whether the trial court abused its discretion, given the analytical gaps identified by the trial court that call into question the methodology employed by Appellee's experts, as summarized by the Chief Justice, *see id.* at 6-10. Indeed, some of these failings are also detailed in the majority's recitation of the Appellants' experts' testimony, *see* Majority Opinion, *slip op.* at 24-25.

Nevertheless, I ultimately agree with the majority that the trial court abused its discretion in concluding that Appellee's experts' testimonies were inadmissible under *Frye* by utilizing its own assessment of the scientific evidence rather than specifically relying upon Appellants' experts' analysis. While a case may involve such a blatant failure of an expert to apply generally accepted methodologies that a trial court need not rely upon the opposing party's expert, trial courts in most cases should be guided by the experts offered by the parties rather than determining scientific validity on their own, especially considering the diversity of individual judges' scientific knowledge. *See Grady v. Frito-Lay, Inc.*, 839 A.2d 1038, 1045 (Pa. 2003) (recognizing the need for "individual judges, whose backgrounds in science may vary widely" to be "guided by the consensus that exists in the scientific community"). Indeed, the risk of trial courts assuming the role of scientific experts in determining what is "generally accepted" is more pronounced as the science becomes more complex, as demonstrated by the case at bar. Accordingly, I conclude that the trial court *sub judice* abused its discretion and remand is appropriate.

I additionally write to distance myself respectfully from the majority opinion to the extent it declines to recognize the trial court as "gatekeeper" in *Frye* challenges. Majority Opinion, *slip op.* at 20. As expressed by Judge Beck in *Blum v. Merrell Dow Pharmaceuticals, Inc.*, 705 A.2d 1314, 1325 (Pa. Super. 1997), *aff'd*, 764 A.2d 1 (Pa. 2000), "the gatekeeping role of the court, far from detracting from the jury's function, is in

fact essential to it [as it ensures] that what might appear to the jury to be science is not in fact speculation in disguise."

Finally, I join Part II of the Chief Justice's dissent, addressing this Court's prior decision in *Betz v. Pneumo Abex LLC*, 44 A.3d 27 (Pa. 2012).